Kunkle, J.
Heard on demurrer to petition.
The petition in substance states that, as of the day before the second Monday of April, 1906, the plaintiff as the owner returned for taxation personal property of the amount of $4,500, being all of the personal property of which she was then the owner, excepting certain bonds hereinafter described; that in April, 1905, she had returned all of her personal property for taxation, amounting to $13,850, which was all of the personal property of which she was then owner; that between April, 1905, and April, 1906, she purchased certain bonds which are described in detail in the petition, and in substance are as follows, viz.; On December 6, 1905, $2,500 of municipal and county bonds; on January 17, 1906, $5,000 of municipal and county bonds; on March 5, 1906, $2,000 of municipal bonds, and on March 20, 1906., $1,000 of county bonds; all of said county and municipal bonds were issued by municipalities and *314 comities located in the state of Ohio; that in order to purchase such bonds she converted her personal property into money which theretofore, in April, 1905, she had returned for taxation, and with said money,, on the dates above mentioned, purchased nontaxable bonds of counties and municipalities within the state of Ohio as above set forth; that in April, 1906, she did not return for taxation the money invested in any of said bonds for any part of the year during which they were purchased; that .said bonds were purchased by her as and for a permanent investment to obtain the highest net rate of interest thereon, and not for the purpose of avoiding the payment of taxes; that she is still the owner and holder .of said bonds; that the auditor of' Clark county, Ohio, has certified to the defendant treasurer an addition to the return of the personal property of the plaintiff, for the year 1906, in the sum of $7,500, on account of said .municipal and county bonds, and has assessed a tax against plaintiff in the. sum of $203.75, as taxes thereon; and the defendant threatens to, and unless restrained by an order of this court will, enforce the collection of said taxes; that said auditor claims to .have made said addition upon the tax duplicate in pursuance of, and acting under, paragraph 16 of Section 2737, Revised Statutes; that said auditor claims that plaintiff should be charged, under said paragraph, with “the monthly average amount or value ® ■ * * of all moneys, credits or other effects” held within the year preceding the second Monday in April, 1906, or controlled by her, which was invested in bonds of this, state, and that the bonds hereinbefore recited come within the designation of bonds of the state of Ohio; that said bonds are not bonds of the state of Ohio, within the meaning of said paragraph 16, and are not included in said paragraph, and that said county auditor had no authority to make said addition to plaintiff’s tax return, and said treasurer has no authority to collect the same for the reason that the money invested in said bonds was not subject to taxation for any part of the year for which the same is sought to be taxed, as plaintiff did not have any portion, of said money on tax listing day. The plaintiff asks that the defendant be enjoined from collecting or attempting to collect said taxes.
*315 The defendant demurs on the ground that the petition does not state facts sufficient to constitute a cause of action. The demurrer admits the truthfulness of the facts set forth in the petition. In addition to this legal presumption, we understand it is conceded by the parties that the facts áre correctly stated in th,e petition.
Section 2736,- Revised Statutes, provides, in substance,. that every “person required to list property shall annually * * * make out and deliver to the assessor a statement, verified by his oath, as required by law, of all the personal property, moneys, credits, investments in bonds, stocks, joint-stock companies, annuities, or otherwise, in his possession, or under his control, on the day preceding the second Monday of that year, which he' is required by law to list for taxation, either as owner or holder thereof. ”
Section 2737, Revised Statutes, provides what such statement, so required to be niade out and delivered to the assessor, shall eontain, and-.fhe order in which the same shall be .stated. The first fifteen provisions of this section have no. bearing upon this case. The sixteenth provision is as follows:
“The monthly average amount or value, for the time he held or controlled the. same, within the preceding year, of all- moneys, credits, or other effects, within that time invested in, or converted into bonds or other securities of the United States or of this state, not taxed, to the extent he may hold or control such bonds or securities on said day preceding the second Monday of April.”
Section 2737, Revised Statutes, was enacted many years ago. No amendment has been made to this section since 1868. Article XII, Section 2 of the Constitution of Ohio, as it existed at the time Subdivision 16 of Section 2737, Revised Statutes, was adopted’ provided—
“Laws shall be passed, taxing by uniform rule, all moneys, credits, investments in bonds, stocks, joint-stock, companies, or otherwise; and also all real and personal property, according to its true value in money * * * but burying grounds, public school houses, * * *, and personal property, to an amount not exceeding in value two hundred dollars, for each individual, may, by general laws, be exempted from taxation.”
*316 At the November election of 1905, Article XII, Section 2 of the Constitution was amended.
On the day preceding the second Monday of April, 1906, said Article XII, Section 2 (97 O. L., 652), provided that—
“Laws should be passed taxing by uniform rule, all moneys, credits, investments in bonds, stocks, joint-stock companies, or otherwise; and also all real and personal property, according to its true value in money, excepting bonds of the state of Ohio, bonds of any city, village, hamlet, county, or township in this state, and bonds issued in behalf of the public schools of Ohio and the means of instruction in connection therewith, which bonds shall be exempt from taxation; but burying grounds, public school houses, * * * and personal property, to an amount not exceeding in value two hundred dollars for each individual, may, by general laws, be exempted from taxation.”
On the day preceding the second Monday of April, 1906, all of the bonds designated in the plaintiff’s petition were exempt from taxation by virtue of the said amendment to Article XII, Section 2 of the Constitution, and the plaintiff claims that no portion of the money so invested by her in’’said bonds, between the day preceding the second Monday of April, 1905, and that of April, 1906, is taxable for any portion of the year 1906.
The defendant claims that plaintiff should have returned for taxation the average amount or value of all moneys within that year converted by her into the bonds in question, to the extent that she held such bonds on the day preceding the second Monday of April, 1906, and that such average amount of the money was subject to taxation; that Subdivision 16 covers all bonds issued either by the state or by any political subdivision of the state, such as counties, cities, etc., and that, as all laws in reference to the subject of taxation must be uniform, Subdivision 16 should be held to embrace within its terms all bonds which are at any time, exempted by the law from taxation.
The determination of this contention depends upon the construction given said Subdivision 16.
Counsel for defendant has submitted a written opinion of the Attorney-General of this state of date November, 1906. This opinion, which was rendered upon a similar - question, recites the various statutory and constitutional provisions of Ohio in *317 reference to the subject-matter, and bases the following opinion thereon, viz.:
“In construing the paragraph quoted from Section 2737, Revised Statutes, the Bonds of the several subdivisions of the state, such as cities, villages, hamlets, counties and townships, should be included among the non-taxable bonds or securities of the state of Ohio. Such divisions are public agencies in the system of the state government and their bonds, since the first day of January, 1906, are exempted from taxation. Some question may arise as to such bonds being included in the operation of Section 2737, Revised Statutes, but as any other construction would create an unconstitutional exemption and discrimination in favor of certain non-taxable investments, and against other forms thereof, it should not be adopted unless the language employed. necessarily- excludes such view, which in my opinion it does not.”
An opinion of the Attorney-General of our state should be respected, but as it neither binds nor protects the court which follows it, the same is entitled to only such consideration as the reasons given for the opinion warranted.
The following are some of the well-established rules which must govern the court in the interpretation of a statute, viz.:
. Where a statute is plain and unambiguous it construes itself, and whether its provisions are wise or equitable, courts have no authority by judicial construction, to read anything into or out of it. Fronce v. Nicholas, 22 C. C., 539; Slingluff v. Weaver, 66 Ohio St., 621, 627.
The object of judicial investigation in the construction of a statute is to ascertain and give effect to the intent of the lawmaking body which enacted it. The question is not: What did
the General Assembly intend to enact, but what is the mean-, ing of that which it did enact? That body should be held to mean what it has plainly expressed, and hence no room is left for construction.
Courts' can not correct supposed errors, omissions or defects in legislation, or vary by construction the contracts of parties. The office of interpretation is to bring sense out of the words used and. not to bring sense into them. Slingluff v. Weaver, supra.
It is not the province of courts to relieve against the mistakes. *318 or omissions of the Legislature, however unwise or unjust maybe the consequences. Therefore if a reasonable intention can not be fairly inferred from any language used in the statute the courts must construe accordingly. Gorham v. Steinau, 7 N. P., 478.
The Constitution does not execute itself and if the Legislature simply fails in its constitutional duty to pass laws taxing every kind of property, no tax can be collected on such property. Without express authority of law no tax either for state, county or municipal purposes, can be levied. Zanesville v. Richards, 5 Ohio St., 589, 593; Exchange Bank v. Hines, 3 Ohio St., 1.
Another well recognized rule in the construction of a statute is, that the expression of one thing is the exclusion of another. Mack v. Brammer, 28 Ohio St., 508, 515.
Many additional authorities might be cited sustaining the above propositions, but we deem them unneeessai’y. Subdivision 16, prior to the recent amendment of the Constitution, was held constitutional by our Supreme Court in the case reported in Sholwell v. Moore, 45 Ohio St., 632, and by the United States Supreme Coui*t, in the case of Shotwell v. Moore, 129 U. S., 590, but these decisions do not assist in determining whether the securities in question are included in the phrase "bonds or other securities of the state.”
If the construction is given Subdivision 16 as contended for by the plaintiff, it may follow that Subdivision 16 would be unconstitutional, as suggested by the Attorney-General. This does not assist us, however, in arriving at a construction of Subdivision 16.
This is not an action in which the plaintiff asserts the unconstitutionality of Subdivision 16. She merely asserts- that the Legislature, which is the sole authority for enacting tax laws, has-failed to- make any provision by which the moiiey invested by her in the bonds in question, during the year prior to April, 1906, can be taxed for any portion of that year. It would be conceded that the Legislature has authority to provide for such taxation. The question is, has it so provided?
If the Legislature’s failure to provide such 'additional legislation -causes Subdivision 16 to be unconstitutional, by reason *319 of the failure to provide a uniform method of taxation, then this is a defect which can be cured, not by the courts, but only by the Legislature. Suppose the Legislature should pass an act relating to Clark, Champaign and Greene' counties. Under our Supreme Court decisions this would be special legislation and therefore unconstitutional. It doubtless would not be considered a very sound decision which attempted to avoid the unconstitutionality of such an act by holding that the Legislature after all really meant to extend the benefits of the act to all of the counties within the state.
The language in Subdivision 16 is plain. It states that'the monthly average amount or value, for the time he held or controlled the same, within the preceding year, of all moneys, credits, or other effects within that time, invested in or controverted into bonds, or other securities of the United States or of this state, not taxed, to the extent he may hold or control such bonds or securities on said day preceding the second Monday of April, shall be returned: bonds of the United States or of this-state. , •
The Legislature, at the time Subdivision 16 was enacted, did not intend to require -a return of the average amount of money invested in county, municipal, township and school bonds. Such bonds were not then exempt from taxation.
The constitutional amendment of 1905 exempted these bonds from taxation. The Legislature could not have had in mind the money invested in such bonds when Subdivision 16 was adopted. If they are included within the term, “bonds or other securities of the state, ’ ’ what would be the occasion for reciting them in detail in the constitutional amendment, as- follows: “bonds of any city, village, hamlet, county or township in this state’’?
What are bonds or other securities of this state? Bouvier defines securities as, “written assurances- for the return or payment of money. Evidences of indebtedness.” Bonds are defined as “ instruments in writing that bind a party to do a certain thing.”
Cities, counties, townships, etc., are political subdivisions of the state, but under the above definitions of bonds and securities, *320 we do not think it is possible to designate bonds or other securities of counties, municipalities and townships, as bonds or securities of the state.
Martin & Martin and G. S. Dial, for plaintiff.
J. B. McGrew and L. E. Laybourn, contra.
Under Subdivision 16, the tax-payer is only required to list and return the average value of money invested in bonds or other securities of the state.
There is no good reason why the Legislature should not require the tax-payer to list and return the average amount of money invested during the year in municipal, county and township bonds. We have no doubt but that such a requirement will be enacted when the attention of the Legislature is called to this omission.
While we are satisfied that the failure to amend Subdivision 16 was an omission upon the part of the Legislature, yet that does not warrant us in reading into the subdivision something which the Legislature has not enacted.
We are limited to construing what has been enacted, and can not supply nor add thereto. We are not permitted to determine what the law should be, nor what the law doubtless will-be, when the attention of the Legislature is called to the omission.
The demurrer will be overruled.